ANDREW M. HALL *vs.* INHABITANTS OF FALMOUTH.

*Commutation order — action on — what must be shown.*

By Public Laws of 1869, c. 55, § 1, all notes and town orders given by the municipal officers of any city, town, or plantation, in pursuance of a previous vote at a meeting regularly called and held, for the benefit of drafted men, were made valid.

The defendant town, at a legal meeting regularly called and held in July, 1863, voted to raise three hundred dollars, and issue town orders therefor, payable from three to five years, for every man that is conscripted, after he has been examined by the surgeon appointed by the United States and pronounced an able-bodied man, to go himself, or furnish a substitute, or pay his commutation fee. In an action upon a town order given by the municipal officers of the defendant town, Sept. 7, 1863, for three hundred dollars, payable in three years to the plaintiff who was then drafted on the quota of the defendants, *Held*, that in the absence of evidence that the plaintiff had been duly examined and pronounced an able-bodied man, the action could not be maintained.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for this county.

ASSUMPSIT on an order dated Sept. 7, 1863, addressed to the treasurer of the town of Falmouth, signed by the municipal officers and accepted by the treasurer of the town, of the following tenor:

"Please pay to Andrew M. Hall, or order, out of the money voted to pay drafted men under the conscript act, the sum of three hundred dollars, and charge the same in your account with the town, in three years from date, with interest annually."

It appeared that the plaintiff was a resident of Falmouth in 1863, when he was drafted on the quota of the town; that he received the order from the selectmen of the town.

It also appeared from the records of the town that a meeting of the town was duly called and notified on July 20, 1863, and held on July 28, 1863; that under proper articles in the warrant for the meeting, the town passed the following votes:

"Voted to raise three hundred dollars for every man that is conscripted under the act passed in the 37th congress, after he has

been examined by the surgeon appointed by the United States, and pronounced an able-bodied man, to go himself, or furnish a substitute, or pay his commutation fee.

·" Voted, that the town raise three hundred dollars to pay each man that is conscripted and examined by the surgeon and accepted; to hire the money if they can, if not, issue town-orders, payable from three to five years, pay the interest annually."

The presiding judge ruled, *pro forma*, that the plaintiff be nonsuit; and the plaintiff alleged exceptions.

*W. H. Clifford*, for the plaintiff.

*Howard & Cleaves*, for the defendants.

WALTON, J. We think the plaintiff's evidence was fatally defective. The burden of proof was upon him to show, not only that he·was drafted, but also that he was examined by the surgeon appointed by the United States, and pronounced an able-bodied man.

Such are the very terms of the vote under which he claims to recover. And it was not only competent for the town to annex this condition to their vote, but it was highly proper and important· for them to do so. For if a man drafted was not able-bodied, he would not be required to serve himself or furnish a substitute or pay commutation. And if he was under no obligation to do either of these, there would be no reason in voting him three . hundred dollars. A draft, which, by reason of physical inability, created no liability, would furnish no ground for claiming aid from the town.

The plaintiff's evidence was, therefore, fatally defective in not showing that he was duly examined and pronounced an able-bodied man; and the nonsuit was properly ordered.

The failure to show a compliance with this important condition of the vote under which the plaintiff claims, may have been an oversight. But if so, it is one which we have no power to rectify. The case was tried in the superior court and is before us on exceptions. We can only judge of the correctness of the ruling by what

appears in the record. Looking at the record, the nonsuit appears to have been properly ordered, and the exceptions must, therefore, be overruled. *Exceptions overruled.*

APPLETON, C. J.; KENT, and DANFORTH, JJ., concurred.

BARROWS, J., concurred in the result.